FILED ___ LODGED
RECEIVED ___ COPY

OCT 1 3 2020

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ M DEPUTY

MICHAEL BAILEY
United States Attorney
District of Arizona
GARY M. RESTAINO
Arizona State Bar No. 017450
CAITLIN NOEL
Arizona State Bar No. 033812
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email:   Gary.Restaino@usdoj.gov
         Caitlin.Noel@usdoj.gov
Attorneys for Plaintiff

**SEALED**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Brannen S. Mehaffey,<br><br>Defendant. | No. CR-20-00626-PHX-DWL (ESW)<br><br>**INDICTMENT**<br><br>VIO: 18 U.S.C. § 1956(a)(3)(B) & (C)<br>(Money Laundering)<br>Counts 1-7<br><br>31 U.S.C. § 5324(a)(1), (3) and (d)(2)<br>18 U.S.C. § 2(b)<br>(Structuring Financial Transactions)<br>Count 8<br><br>18 U.S.C. §§ 981, 982<br>28 U.S.C. § 2461(c)<br>31 U.S.C. § 5317(c)<br>Forfeiture Allegations |

**THE GRAND JURY CHARGES:**

At all times relevant to this Indictment, within the District of Arizona and elsewhere:

1. BRANNEN S. MEHAFFEY ("MEHAFFEY") operated a money transmitting business in Austin, Texas that specialized in the exchange of virtual currency for cash. MEHAFFEY charged a transaction fee of up to 8% for this service. Between January 2018 and March 2020 MEHAFFEY moved in excess of $4,000,000 through bank accounts controlled by him or his companies. MEHAFFEY exchanged virtual currency

for cash in person (through peer-to-peer sales) and also through his network of bitcoin ATMs placed in brick-and-mortar businesses (such as computer repair companies, smoke shops and a strip club) in and around the Austin region.

2. MEHAFFEY advertised his money exchange services, including on craigslist.org and Localbitcoins.com.

   a. MEHAFFEY's listing on LocalBitcoins.com instructed prospective buyers as follows: "What you do with bitcoin is your business and not mine. Please do not speak how you use it."

3. Money paid by victims of fraud schemes traces to accounts controlled by MEHAFFEY. Between December 2018 and February 2019, in Arizona, D.P. paid $125,000 in four installments via cashier's check or wire to Bash Group, Inc., one of MEHAFFEY's companies. In January 2020, F.F. wired $7,370 in two installments from Arizona to a New York account controlled by Bash Group Inc.

4. MEHAFFEY did not register his money transmitting business with the United States government, as required by Title 18, United States Code, Section 1960.

## COUNT 1

5. The factual allegations in the preceding paragraphs are incorporated by reference to this Count.

6. On or about March 12, 2020, in the District of Arizona and elsewhere, MEHAFFEY, with the intent to conceal and disguise the nature, location, source, ownership and control of property believed to be the proceeds of specified unlawful activity, and with the intent to avoid a transaction reporting requirement under federal law, did knowingly conduct and attempt to conduct a financial transaction affecting interstate or foreign commerce in any way or degree, in that he transmitted bitcoin in exchange for property represented by a law enforcement officer to be proceeds of specified unlawful activity, to wit: $8,000 in U.S. currency, plus an additional $13,000 in U.S. currency which was deposited pursuant to his directions by different individuals (at multiple Arizona branches) of BBVA Compass Bank.

All in violation of Title 18, United States Code, Section 1956(a)(3)(B)-(C) and (c)(4)(A)(i) and (B).

## COUNT 2

7. The factual allegations in the preceding paragraphs are incorporated by reference to this Count.

8. On or about April 16-17, 2020, in the District of Arizona and elsewhere, MEHAFFEY, with the intent to conceal and disguise the nature, location, source, ownership and control of property believed to be the proceeds of specified unlawful activity, and with the intent to avoid a transaction reporting requirement under federal law, did knowingly conduct and attempt to conduct a financial transaction affecting interstate or foreign commerce in any way or degree, in that he transmitted bitcoin in exchange for property represented by a law enforcement officer to be proceeds of specified unlawful activity, to wit: $12,374 in U.S. currency which was deposited pursuant to his directions in multiple Arizona branches of Chase Bank, Wells Fargo Bank, and Bank of America, and he attempted to exchange bitcoin for an additional $8,616 to a different account at an Arizona branch of Chase Bank.

All in violation of Title 18, United States Code, Section 1956(a)(3)(B)-(C) and (c)(4)(A)(i) and (B).

## COUNT 3

9. The factual allegations in the preceding paragraphs are incorporated by reference to this Count.

10. On or about May 19, 2020, in the District of Arizona and elsewhere, MEHAFFEY, with the intent to conceal and disguise the nature, location, source, ownership and control of property believed to be the proceeds of specified unlawful activity, and with the intent to avoid a transaction reporting requirement under federal law, did knowingly conduct and attempt to conduct a financial transaction affecting interstate or foreign commerce in any way or degree, in that he transmitted bitcoin in exchange for property represented by a law enforcement officer to be proceeds of specified unlawful

activity, to wit: a total of $17,900 in U.S. currency, $5000 of which was sent to MEHAFFEY from Arizona via Federal Express and the remainder of which was deposited pursuant to his directions in two deposits, one at an Arizona branch of Chase Bank, and the other at an Arizona branch of Bank of America.

All in violation of Title 18, United States Code, Section 1956(a)(3)(B)-(C) and (c)(4)(A)(i) and (B).

## COUNT 4

11. The factual allegations in the preceding paragraphs are incorporated by reference to this Count.

12. On or about June 24, 2020, in the District of Arizona and elsewhere, MEHAFFEY, with the intent to conceal and disguise the nature, location, source, ownership and control of property believed to be the proceeds of specified unlawful activity, and with the intent to avoid a transaction reporting requirement under federal law, did knowingly conduct and attempt to conduct a financial transaction affecting interstate or foreign commerce in any way or degree, in that he transmitted bitcoin in exchange for property represented by a law enforcement officer to be proceeds of specified unlawful activity, to wit: a total of $20,000 in U.S. currency, which was sent to MEHAFFEY from Arizona via Federal Express Overnight.

All in violation of Title 18, United States Code, Section 1956(a)(3)(B)-(C) and (c)(4)(A)(i).

## COUNT 5

13. The factual allegations in the preceding paragraphs are incorporated by reference to this Count.

14. On or about July 29, 2020, in the District of Arizona and elsewhere, MEHAFFEY, with the intent to conceal and disguise the nature, location, source, ownership and control of property believed to be the proceeds of specified unlawful activity, and with the intent to avoid a transaction reporting requirement under federal law, did knowingly conduct and attempt to conduct a financial transaction affecting interstate

or foreign commerce in any way or degree, in that he transmitted bitcoin in exchange for property represented by a law enforcement officer to be proceeds of specified unlawful activity, to wit: a total of $30,000 in U.S. currency, which was sent to MEHAFFEY from Arizona via Federal Express Overnight.

All in violation of Title 18, United States Code, Section 1956(a)(3)(B)-(C) and (c)(4)(A)(i).

## COUNT 6

15. The factual allegations in the preceding paragraphs are incorporated by reference to this Count.

16. On or about August 25, 2020, in the District of Arizona and elsewhere, MEHAFFEY, with the intent to conceal and disguise the nature, location, source, ownership and control of property believed to be the proceeds of specified unlawful activity, and with the intent to avoid a transaction reporting requirement under federal law, did knowingly conduct and attempt to conduct a financial transaction affecting interstate or foreign commerce in any way or degree, in that he transmitted bitcoin in exchange for property represented by a law enforcement officer to be proceeds of specified unlawful activity, to wit: a total of $40,000 in U.S. currency, which was sent to MEHAFFEY from Arizona via Federal Express Overnight.

All in violation of Title 18, United States Code, Section 1956(a)(3)(B)-(C) and (c)(4)(A)(i).

## COUNT 7

17. The factual allegations in the preceding paragraphs are incorporated by reference to this Count.

18. On or about September 23, 2020, in the District of Arizona and elsewhere, MEHAFFEY, with the intent to conceal and disguise the nature, location, source, ownership and control of property believed to be the proceeds of specified unlawful activity, and with the intent to avoid a transaction reporting requirement under federal law, did knowingly conduct and attempt to conduct a financial transaction affecting interstate

or foreign commerce in any way or degree, in that he transmitted bitcoin in exchange for property represented by a law enforcement officer to be proceeds of specified unlawful activity, to wit: a total of $40,000 in U.S. currency, which was sent to MEHAFFEY from Arizona via Federal Express Overnight.

All in violation of Title 18, United States Code, Section 1956(a)(3)(B)-(C) and (c)(4)(A)(i).

## COUNT 8

19. The factual allegations in the preceding paragraphs are incorporated by reference to this Count.

20. On or between March 12, 2020 through May 19, 2020, in the District of Arizona and elsewhere, MEHAFFEY, for the purpose of evading the reporting requirements of section 5313(a) of Title 31, United States Code, the regulations promulgated thereunder and the reporting and recordkeeping obligations imposed thereunder, did knowingly and willfully direct and attempt to direct the structuring of cash transactions into accounts at domestic financial institutions in Arizona, and did knowingly cause and attempt to cause each domestic financial institution to fail to file a Currency Transaction Report, all while violating another law of the United States and as part of a pattern of illegal activity involving more than $100,000 in a 12-month period, as follows:

| Date | Financial Institution/ Branch | Account # | Accountholder | Amount |
|---|---|---|---|---|
| 3/12/2020 | BBVA Compass/ N. Alma School Road, Chandler | XXXXXX3968 | ZDN IT Services dba Pivot Networks | $8,000 |
| 3/12/2020 | BBVA Compass/ W. Southern Blvd., Mesa | XXXXXX3968 | ZDN IT Services dba Pivot Networks | $5,000 |

| Date | Financial Institution/ Branch | Account # | Accountholder | Amount |
|---|---|---|---|---|
| 4/16/2020 | Chase/ E. Pecos Road, Gilbert | XXXXX3168 | GM General Export LLC | $2,000 |
| 4/16/2020 | Chase/ E. Pecos Road, Gilbert | XXXXX5631 | M.C. Sole Proprietor | $5,664 |
| 4/17/2020 | Wells Fargo/ E. Ray Road, Gilbert | XXXXXX8654 | A.M. Sole Proprietor | $2,710 |
| 4/17/2020 | Bank of America/ E. Williams Field Road, Gilbert | XXXXXXXX1612 | Octal Foods LLC | $2,000 |
| 4/17/2020 | Chase/ S. Power Road, Gilbert | XXXXX1559 | DBA Prospective Transportation | $8,616 (attempted) |

| Date | Financial Institution/ Branch | Account # | Accountholder | Amount |
|---|---|---|---|---|
| 5/19/2020 | Chase/ E. Pecos Road, Gilbert | XXXXX7760 | Game Center CA Group | $9,900 |
| 5/19/2020 | Bank of America/ E. Williams Field Road, Gilbert | XXXXXXXX0875 | Inversions Camvor Corp | $3,000 |

All in violation of Title 31, United States Code, Section 5324(a)(1), (3) and (d)(2), Title 18, Section 2(b), and 31 C.F.R. § 103.11(gg).

**FORFEITURE ALLEGATIONS**

21.   The factual allegations above are incorporated in the forfeiture allegations.

22.   Pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982, and 28 U.S.C. § 2461(c), and upon conviction of one or more of the offenses alleged in Counts One through Seven of

- 7 -

this Indictment, defendant shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

23. Pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982, 28 U.S.C. § 2461(c), and 31 U.S.C. § 5317(c), and upon conviction of the offense alleged in Count Eight of this Indictment, defendant shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to the offense and all property, real or personal, involved in the offense and any property traceable thereto.

24. If any of the property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

All pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), 28 U.S.C. § 2461(c); 31 U.S.C. § 5317, and Rule 32.2(a) Federal Rules of Criminal Procedure.

A TRUE BILL

_s/_
FOREPERSON OF THE GRAND JURY
Date: 10-13-2020

MICHAEL BAILEY
United States Attorney
District of Arizona

_s/_
GARY M. RESTAINO
CAITLIN NOEL
Assistant U.S. Attorneys