# UNITED STATES DISTRICT COURT
## ARIZONA – PHOENIX
### September 3, 2021

**USA v. Brannen Sage Mehaffey**            **Case Number: CR-20-00626-001-PHX-DWL**

## ORDER SETTING CONDITIONS OF RELEASE

☒ **PERSONAL RECOGNIZANCE**
☐ **AMOUNT OF BOND:**
    ☐ UNSECURED
    ☐ SECURED BY:
**SECURITY TO BE POSTED BY:**

FILED ___ LODGED ___
RECEIVED ___ COPY ___
SEP 0 8 2021
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

**NEXT APPEARANCE: Tuesday, November 2, 2021 at 9:00 AM before Judge Lanza in Courtroom 601**

Pursuant to 18 U.S.C. § 3142(c)(l)(B), the Court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

**IT IS ORDERED** that defendant is subject to the following conditions and shall:

☒ appear at all proceedings as required and to surrender for service of any sentence imposed.

☒ not commit any federal, state or local crime.

☒ cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

☒ IMMEDIATELY advise his/her attorney and Pretrial Services, in writing, PRIOR TO any change in residence address, mailing address and/or telephone number. The defendant shall reside at the address on file with Pretrial Services and any change of address shall require prior Pretrial Services approval.

☒ maintain or actively seek verifiable employment (or combination work/school) if defendant is physically or medically able and provide proof of such to Pretrial Services.

☒ not travel outside of the State of Arizona unless PRIOR Court or Pretrial Services permission is granted to do so.

☒ avoid all direct or indirect contact with persons who are considered alleged victim(s) or potential witness(es) except you may have contact with your significant other and children but not about the alleged events or evidence in the case, including no contact about potential testimony of any person.

☒ report as directed to the U.S. PRETRIAL SERVICES 1-800-769-7609 or 602-322-7350, 401 West Washington St., Phoenix, AZ, Suite 260.

☒ not drive or otherwise operate a motor vehicle.

☒ shall refrain from any use of alcohol and shall participate in alcohol treatment as directed by Pretrial Services and submit to alcohol testing, and make copayment toward the cost of such services, as directed by Pretrial Services. The defendant shall not obstruct or attempt to obstruct or tamper, in any fashion, with the efficacy and accuracy of any substance testing or monitoring.

☒ shall not use or possess a narcotic drug or other controlled substance (as defined by 21 U.S.C. § 802) unless prescribed for the defendant by a licensed medical practitioner; this provision does not permit the use or possession of medicinal marijuana even with a physician's written certification. The defendant shall not possess, ingest, or otherwise use, a synthetic cannabinoid, or synthetic narcotic. The defendant shall participate in drug treatment and submit to drug testing as directed by Pretrial Services and make copayment toward the cost of such services as directed by Pretrial Services. The defendant shall not obstruct or attempt to obstruct or tamper, in any fashion, with the efficacy and accuracy of any substance use testing or monitoring.

- ☒ shall surrender all travel documents to Pretrial Services as instructed by Pretrial Services and shall not obtain a passport or other travel document during the pendency of these proceedings.
- ☒ not possess or attempt to acquire any firearm, destructive device, or other dangerous weapon or ammunition.
- ☒ maintain weekly contact with his attorney by Friday, noon of each week.
- ☐ shall not obtain any new financial accounts without prior notification and approval of Pretrial Services.
- ☒ you must participate in a mental health assessment and participate in mental health treatment as determined to be necessary by a medical or mental health professional and follow any treatment directions by the treatment provider. You must take medicine as prescribed by a medical professional providing mental health treatment, unless you object, in which event you must immediately notify the PTS officer and your counsel.
- ☒ The defendant shall not engage in the peer-to-peer exchange, purchase, sale, or transfer of virtual currency unless the defendant first registers with the Financial Crimes Enforcement Network (FinCEN).
- ☒ The defendant shall reside at an inpatient substance use treatment facility or a halfway house, as deemed appropriate, and shall follow all program requirements including the directions of staff members. The defendant is required to make a copayment toward the cost of services as directed by Pretrial Services. The U.S. Marshal Service is authorized, if requested by the program director or an authorized staff member, to remove the defendant from the program for noncompliance during evenings, weekends and holidays and place the defendant in temporary custody pending court proceedings. Upon completion, the defendant is allowed to reside at a residence approved by Pretrial Services.

### ADVICE OF PENALTIES AND SANCTIONS

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years if the offense is a felony or a term of imprisonment of not more than one year if the offense is a misdemeanor. This sentence shall be consecutive to any other term of imprisonment.

Title 18 U.S.C. §1503 makes it a criminal offense punishable by imprisonment for life or by death, or, depending upon the specific provisions of the section not more than twenty years or by not more than ten years, and a $250,000 fine to intimidate a juror or officer of the court; Title 18 U.S.C. §1510 makes it a criminal offense punishable by up to five years imprisonment and a $250,000 fine to obstruct a criminal investigation; Title 18 U.S.C. §1512 makes it a criminal offense punishable by imprisonment for life or by death, or, depending upon the specific provisions of the section by not more than twenty years or by not more than ten years and a $250,000 fine for tampering with a witness, victim or informant; or by intentionally harassing another person and thereby hindering /delaying /preventing or dissuading any person from attending or testifying in an official proceeding or otherwise violating the section is punishable by imprisonment for not more than one year and a $250,000 fine; and 18 U.S.C. §1513 makes it a criminal offense punishable by imprisonment for life or by death, or, depending upon the specific provisions of the section not more than twenty years or by not more than ten years of imprisonment, a fine of $250,000, or both, to retaliate against a witness, victim or informant, or threaten or attempt to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, the defendant shall be fined not more than

$250,000 or imprisoned for not more than ten years, or both;(2) an offense punishable by imprisonment for a term of five years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years or both;(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

    A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

    If the person was released for appearance as a material witness, a fine as provided by law or imprisonment (or both) may be imposed for not more than one year.

## ACKNOWLEDGMENT OF DEFENDANT

    I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

| DATE: 9/8/21 | SIGNATURE OF DEFENDANT [signed] |
|---|---|

    Custodian agrees to (a) supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and to notify the court immediately in the event the defendant violates any condition of release or disappears. We, the undersigned, have read and understand the terms of this bond and conditions of release and acknowledge that we are bound by it until duly exonerated.

| SIGNATURE OF CUSTODIAN(S) |
|---|
| |

**Directions to United States Marshal:**

☐ The defendant is ORDERED released after processing.

☐ The U.S. Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions of release.

☒ **The U.S. Marshal is directed to transport the defendant bag and baggage to the Sandra Day O'Connor U.S. Courthouse on September 8, 2021, for release from the U.S. Marshals Office at 8:30 a.m.**

DATE: September 3, 2021       _[signed] Deborah M. Fine_
                                                         Deborah M. Fine
                                                   United States Magistrate Judge