GARY M. RESTAINO
United States Attorney
District of Arizona
CAITLIN NOEL
Arizona State Bar No. 033812
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Caitlin.Noel@usdoj.gov
Attorneys for Plaintiff

☒ FILED  ☐ LODGED

**Dec 07 2021**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>Brannen Sage Mehaffey,<br><br>　　　　　　　Defendant. | No. CR20-0626-PHX-DWL<br><br>**INFORMATION**<br><br>VIO:　18 U.S.C. § 1960(a), (b)(1)(B) and (b)(1)(C)<br>(Unlicensed Money Transmitting Business)<br>Count 1<br><br>18 U.S.C. §§ 981, 982<br>28 U.S.C. § 2461(c)<br>Forfeiture Allegation |

THE UNITED STATES ATTORNEY'S OFFICE CHARGES:

At all times relevant to this Information, within the District of Arizona and elsewhere:

1. BRANNEN SAGE MEHAFFEY ("MEHAFFEY") operated a money transmitting business in Austin, Texas that specialized in the exchange of virtual currency for cash. MEHAFFEY charged a transaction fee of up to 8% for this service. Between January 2018 and October 2020 MEHAFFEY moved in excess of $3,000,000 through bank accounts controlled by him or his companies. MEHAFFEY exchanged virtual currency for cash in person (through peer-to-peer sales) and also through his network of bitcoin ATMs placed in brick-and-mortar businesses (such as computer repair companies, smoke shops and a strip club) in and around the Austin region.

2. MEHAFFEY advertised his money exchange services, including on craigslist.org and Localbitcoins.com.

    a. MEHAFFEY's listing on LocalBitcoins.com instructed prospective buyers as follows: "What you do with bitcoin is your business and not mine. Please do not speak how you use it."

3. Money paid by victims of fraud schemes traces to accounts controlled by MEHAFFEY. Between December 2018 and February 2019, in Arizona, D.P. paid $125,000 in four installments via cashier's check or wire to Bash Group, Inc., one of MEHAFFEY's companies. In January 2020, F.F. wired $7,370 in two installments from Arizona to a New York account controlled by Bash Group Inc.

4. MEHAFFEY did not register his money transmitting business with the United States' Financial Crimes Enforcement Network or the Secretary of the Treasury, nor did he engage in "know your customer" compliance.

## COUNT 1

5. The factual allegations in the preceding paragraphs are incorporated by reference to this Count.

6. From at least January 2018 through October 2020, in the District of Arizona and elsewhere, MEHAFFEY did knowingly conduct, control, manage, supervise, direct, and own all or part of an unlicensed money transmitting business affecting interstate and foreign commerce, to wit, a digital currency exchange business, which failed to comply with the money transmitting business regulations under Title 31, United States Code, Section 5330, and the regulations prescribed thereunder; and which also involved the transport and transmission of funds that were known to MEHAFFEY to have been derived from a criminal offense and intended to be used to promote and support unlawful activity.

All in violation of Title 18, United States Code, Section 1960(a), (b)(1)(B) and (b)(1)(C).

/ / /

**FORFEITURE ALLEGATION**

7. The factual allegations above are incorporated in the forfeiture allegation.

8. Pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982, and 28 U.S.C. § 2461(c), and upon conviction of Count One of this Information, defendant shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

9. If any of the property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

All pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), 28 U.S.C. § 2461(c), and Rule 32.2(a) Federal Rules of Criminal Procedure.

Dated this  24th  day of  November , 2021.

GARY M. RESTAINO
United States Attorney
District of Arizona

CAITLIN NOEL
Assistant U.S. Attorney