UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Brannen Sage Mehaffey,<br><br>　　　　　　Defendant. | CR 20-00626-1-PHX-DWL<br><br>**ORDER OF FORFEITURE** |

　　　As a result of defendant's guilty plea to Count 1 of the Information charging defendant with a violation of 18 U.S.C. § 1960(a), (b)(1)(B), and (b)(1)(C), Unlicensed Money Transmitting Business, a Class D felony offense.

　　　Defendant admitted to the forfeiture allegations contained in the Information, and agreed to forfeit to the United States:

　　　1.　　$88,290.00 in United States Currency;

　　　2.　　$425.00 in United States Currency;

　　　3.　　$2,900.00 in United States Currency;

　　　4.　　$250.00 in United States Currency;

　　　5.　　$1,000.00 United States Postal Service Money Order Serial # 26380385785; and

　　　6.　　$1,000.00 United States Postal Service Money Order, Serial # 26753708046 (the "Subject Property").

　　　The Court has determined that the Subject Property is subject to forfeiture pursuant to 8 U.S.C. § 1324(b), 18 U.S.C. §§ 924(d), 981, 982 and 2253, 21 U.S.C. §§

1  853 and 881, and/or 28 U.S.C. § 2461(c).  The Government has established the requisite
2  nexus between the Subject Property and the offense(s) to which the defendant pled
3  guilty.  The Court finds that the defendant has forfeited all right, title and interest
4  defendant may have in the Subject Property.

5       Upon the entry of this Order, the United States is authorized to seize the Subject
6  Property and to conduct any discovery to identify, locate or dispose property that is
7  subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

8       Upon entry of this Order, the United States is authorized to commence any
9  applicable proceeding to comply with statutes governing third party rights, including
10 giving notice of this Order.

11      Any person asserting a legal interest in the Subject Property must, within thirty
12 days of the final publication of notice or receipt of notice, whichever is earlier, petition
13 the court for a hearing without a jury to adjudicate the validity of any alleged interest in
14 the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. §
15 853(n).

16      Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Order of Forfeiture shall become
17 final as to the defendant at the defendant's sentencing and shall be included in the
18 sentence and judgment. If no third party files a timely claim, this Order shall become the
19 Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

20      Any petition filed by a third party asserting an interest in the Subject Property
21 shall be signed by the petitioner under penalty of perjury and shall set forth the nature
22 and extent of the petitioner's right, title, or interest in the Subject Property, the time and
23 circumstances of the petitioner's acquisition of the right, title or interest in the Subject
24 Property, and any additional facts supporting the petitioner's claim and the relief sought,
25 and serve a copy upon MARK J. WENKER**,** Assistant United States Attorney.

26      After the disposition of any motion filed pursuant to Fed. R. Crim. P.
27 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in
28

1  accordance with the Federal Rules of Civil Procedure upon a showing that such
2  discovery is necessary or desirable to resolve factual issues.
3      The United States shall have clear title to the Subject Property following the
4  Court's disposition of all third-party interests, or, if none, following the expiration of the
5  period provided in 21 U.S.C. § 853(n)(2), for the filing of third party petitions.
6      The Court shall retain jurisdiction to enforce this Order, and to amend it as
7  necessary, pursuant to Fed. R. Crim. P. 32.2(e).
8      Dated this 28th day of December, 2021.

Dominic W. Lanza
United States District Judge