GARY M. RESTAINO
United States Attorney
District of Arizona
MARK J. WENKER
Arizona State Bar Number 018187
Assistant United States Attorneys
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
mark.wenker@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>             Plaintiff,<br><br>     v.<br><br>Brannen Sage Mehaffey,<br><br>             Defendant.<br><br>Donald E. Merritt,<br><br>             Petitioner. | CR 20-00626-PHX-DWL<br><br>**RESPONSE TO ANCILLARY PETITION CLAIMING INTEREST IN FORFEITED PROPERTY FILED BY DONALD E. MERRITT** |

Plaintiff United States of America responds to Donald E. Merritt's petition (doc. 89) in which he claims an interest in property the government seeks to forfeit. Mr. Merritt asserts he is a victim of defendant's fraud. Defendant defrauded approximately 125 individuals and entities, and per his plea agreement defendant has agreed to pay up to $4,000,000 in restitution. Mr. Merritt's petition should be denied because all property that is forfeited should be equitably distributed to all defendant's victims, including Mr. Merritt if this Court awards him restitution.

Defendant apparently defrauded Mr. Merritt. The Court likely will order defendant to pay restitution to his victims, including Mr. Merritt. Where, as here, assets are forfeited and restitution is ordered, the government typically seeks "restoration" so that forfeited assets are used to compensate victims who have been awarded restitution.

The government intends to seek restoration in this case so that all of defendant's victims receive some compensation from the assets that are forfeited.

The restoration process normally begins after sentencing. After a court forfeits property and orders a defendant to pay restitution, the United States Attorney's Office submits a restoration request to DOJ's Money Laundering & Asset Recovery Section (MLARS), who is authorized to distribute forfeited property to victims. Once MLARS approves the restoration request, the proceeds from the sale or disposition of forfeited assets are transferred to the clerk of the court who then distributes the funds to victims according to the restitution order.

Where numerous victims are awarded restitution and the total amount of restitution exceeds the restored funds from the forfeited property, the clerk of the court normally distributes the restored funds to the victims on a pro rata basis. Here, the government will request that defendant be ordered to pay restitution. The government believes total restitution for all victims (including Mr. Merritt) will greatly exceed the amount of forfeited property ($93,865).

If Mr. Merritt's petition was granted, he would receive a disproportionate share of the forfeited property, to the detriment of defendant's other victims. All of defendant's victims should receive an equitable, or pro rata, share of the forfeited property. Mr. Merritt's petition should be denied so that the forfeited property can be restored to all of defendant's victims.

DATED this 17th day of March, 2022.

GARY M. RESTAINO
United States Attorney
District of Arizona

*S/Mark J. Wenker*
MARK J. WENKER
Assistant United States Attorney

**CERTIFICATION**

I certify that on March 17, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant: counsel of record.

and

that on the same date, I mailed and emailed a copy of the attached document to:

Donald E. Merritt
2 Crestwood Ct.
Belleville, IL 62226

Mikim1950@yahoo.com

By: *S/Ray Southwick*